**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kamin Health LLC, et al., | No. CV-23-01491-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| 4D Global LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants 4D Global, LLC ("4D") and Chanie Gluck's motion to dismiss for failure to state a claim, which is fully briefed. (Docs. 17, 19, 20.) For the reasons herein, the motion is denied.

**I.   Background**[1]

Plaintiffs and Defendants are all involved in the medical care industry. Plaintiff Kamin Health LLC ("Kamin") provides billing services and Plaintiff Precious Care Management LLC ("Precious Care") provides management services for urgent care medical practices. (Doc. 10 ¶¶ 3, 4.) Gluck is the founder and CEO of 4D, a company that provides billing and management services to medical billing companies across the country. (¶¶ 5, 6.)

On December 24, 2021, Plaintiffs entered into an Independent Contractor Agreement with 4D in which 4D agreed to provide medical management services on behalf

---

[1] This section draws from the allegations in the Amended Complaint (Doc. 10), which are accepted as true for the purpose of resolving Defendants' motion to dismiss.

of Kamin. (¶ 9.) The Agreement states that 4D would provide such services from January 1, 2022, through February 22, 2023. (Doc. 10-1.)

Plaintiffs claim that 4D subsequently breached its Agreement. (¶¶ 14–44.) Plaintiffs also claim that 4D and Gluck made material misrepresentations. Plaintiffs allege that during the various communications between the parties which took place on or about December 2021, Defendants misrepresented to Plaintiffs that Gluck and 4D had the requisite capability to perform on behalf of Plaintiff; that Gluck would be involved in the day-to-day operations and would supervise the servicing of Plaintiffs' account; and that Defendants could timely, properly, and professionally perform medical billing services for Plaintiffs. (¶¶ 47, 65.) Plaintiffs allege that Defendants reiterated the foregoing representations after the execution of the Agreement and made additional representations to induce Plaintiffs not to terminate the agreement and to continue making monthly payments. (¶ 49.) Plaintiffs assert that they relied on Defendants' representations to their detriment by entering into the Agreement in the first place and by not terminating the Agreement sooner. (¶¶ 52, 66.)

On July 28, 2023, Plaintiffs filed their Amended Complaint, which asserts the following causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) fraudulent misrepresentations, and (5) negligent representations. (Doc. 10.) Defendants move to dismiss the last three causes of action, arguing that Plaintiffs' tort claims are barred by Arizona's economic loss rule ("ELR") and that Plaintiffs cannot recover for unjust enrichment because a contract governs the parties' relationship. (Doc. 27.)

**II.   Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "In evaluating a Rule 12(b)(6) motion, the [C]ourt accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." *Adams v. U.S.*

*Forest Srvc.*, 671 F.3d 1138, 1142–43 (9th Cir. 2012). However, the Court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). A Rule 12(b)(6) motion "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.   Discussion**

    **A.  Fraudulent and Negligent Misrepresentation**

Defendants contend that the ELR precludes Plaintiffs' tort claims for fraudulent misrepresentation and negligent representation. (Doc. 17 at 7–11.) The ELR is a "common law rule limiting a contracting party to contractual remedies for the recovery of economic loss unaccompanied by physical injury to persons or other property." *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 667 (Ariz. 2010). The purpose of the ELR is "to encourage private ordering of economic relationships and to uphold the expectations of the parties by limiting a plaintiff to contractual remedies for loss of the benefit of the bargain." *Id.* at 671. The ELR, however, is not a categorical bar to tort recovery of economic losses; rather, "[w]hether the doctrine applies depends on 'context-specific policy considerations' underlying contract and tort law, namely 'upholding the expectations of the parties' on the one hand and 'accident deterrence and loss-spreading' on the other." *Barrett-Jackson Auction Co. LLC v. Mountain Sports Int'l Inc.*, No. CV-20-00892-PHX-SRB, 2020 WL 9349176, at *3 (D. Ariz. Sept. 9, 2020) (quoting *Flagstaff*, 223 P.3d at 669).

The Arizona Supreme Court has not articulated the exact scope of the ELR and has only ever applied the rule in two types of cases: construction defects and strict products liability. *See Salt River Project Agricultural Improvement & Power Dist. v. Westinghouse Elec. Corp.*, 694 P.2d 198 (Ariz. 19854); *Flagstaff*, 233 P.3d 664. The Arizona Supreme Court has never applied the ELR to fraudulent inducement or negligent misrepresentation claims. *Barrett-Jackson*, 2020 WL 9349176, at *3.

Absent controlling state authority, a federal court will look to "existing state law without predicting potential changes in that law." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). In doing so, this Court has repeatedly "declined to extend the economic loss doctrine to either claims of fraudulent inducement or negligent misrepresentation." *Barrett-Jackson*, 2020 WL 9349176, at *4 (surveying cases). The reasoning is persuasive:

> If the primary function of the doctrine is to encourage private ordering of economic relationships and to uphold the expectations of the parties, then it certainly would seem inapposite to hold innocent parties to limited contractual remedies when those contractual remedies were based on intentional misrepresentations made by the other party.

*Id.*; *see also Van Go LLC v. Potts*, No. CV-16-00054-PHX-JJT, 2016 WL 4974968, at *4 (D. Ariz. June 7, 2016) (noting that "Arizona courts typically apply the [ELR] in the context of product liability or construction defect cases" or in cases where "the parties had detailed contracts allocating risk of loss and specifying remedies").

Here, Plaintiffs allege that in deciding to execute the Agreement with 4D, Plaintiffs relied on Defendants' representations regarding 4D's capabilities and Gluck's role in supervising 4D's servicing of Plaintiffs' account. Assuming Plaintiffs' allegations are true, there is a plausible argument that the "private ordering" and expectations of the parties, which the ELR is intended to protect, were based on misrepresentations.[2] Thus, it would be inappropriate to apply the ELR here. *See Barrett-Jackson*, 2020 WL 9349176, at *4 (concluding that ELR does not bar plaintiff's claims for fraud and negligent misrepresentation); *Van Go*, 2016 WL 4974968, at *4 (finding that "there is no risk of undermining the policy concerns of contract law by allowing" a buyer to bring negligent misrepresentation and fraud claims against a seller). Plaintiffs' fraudulent misrepresentation and negligent representation claims are plausible, and so the Court will

---

[2] Defendants argue that "fraud in the inducement" occurring at contract formation is not a cause of action Plaintiffs have advanced. Although the Amended Complaint does not identify a separate cause of action for fraudulent inducement of Plaintiffs' execution of the Agreement, it is clear that both the fraudulent misrepresentation and negligent representation contemplate such a theory of liability.

not dismiss them.

### B. Unjust Enrichment

Defendants argue that Plaintiffs' unjust enrichment claim is not viable because where "there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application," quoting *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166 (Ariz. 1976). The Court disagrees.

To recover for unjust enrichment, a plaintiff must prove "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) *the absence of a legal remedy.*" *Trustmark Ins. Co. v. Bank One, Ariz. NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) (emphasis added). If a plaintiff possesses a remedy based on breach of contract, the plaintiff is precluded from recovering on a claim of unjust enrichment. That said, a plaintiff is not barred from pleading unjust enrichment as an alternative theory to a breach of contract claim. *Adelman v. Christy*, 90 F. Supp. 2d 1034, 1046 (D. Ariz. 2000) ("The mere existence of a contract governing the dispute does not automatically invalidate an unjust enrichment alternative theory of recovery. A theory of unjust enrichment is unavailable only to a plaintiff if that plaintiff has already *received* the benefit of her contractual bargain."). Accordingly, although Plaintiffs may not recover for both breach of contract and unjust enrichment, they may plead both theories of liability.

Defendants also argue that unjust enrichment is unavailable when a plaintiff has already received the benefit of the contractual bargain and that, here, the Amended Complaint alleges 4D performed under the contract. The Court disagrees. Though Defendants are correct that unjust enrichment "has no application to a situation where there is an explicit contract which has been performed," *see Ashton Co., Inc., Contractors & Eng'rs v. State*, 454 P.2d 1004, 1010 (Ariz. Ct. App. 1969), it is not clear that there has been performance in this case. Defendants point to paragraph 13 of the Amended Complaint to demonstrate that there has been performance, but that paragraph only provides that "[d]uring the period of January 1, 2022 through February 22, 2023, 4D Global

- 5 -

1  was tasked with performing the foregoing services on behalf Plaintiffs." (Doc. 10 ¶ 13.)
2  Neither this nor any other allegation in the Amended Complaint establishes that the parties'
3  Agreement has been performed.
4        In sum, the Court finds that Plaintiffs' Amended Complaint contains sufficient
5  factual matter to state plausible claims of fraudulent misrepresentation, negligent
6  representation, and unjust enrichment. Accordingly,
7        **IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim
8  (Doc. 17) is **DENIED**.
9        Dated this 25th day of April, 2024.

Douglas L. Rayes
United States District Judge